**ADVANCE CONSTRUCTION SERVICES, INC., Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

No. 01–689C.

United States Court of Federal Claims.

Jan. 7, 2002.

Karl F. Dix, Jr., Atlanta, GA, for Plaintiff.

John Einstman, Washington, DC, for Defendant.

## OPINION

WILSON, Judge.

This action for declaratory and injunctive relief, styled as a bid protest, was filed in the United States Court of Federal Claims (CFC) on December 12, 2001. Following a status conference, the Court requested from plaintiff a supplemental memorandum on subject matter jurisdiction. Upon consideration of plaintiff's memorandum and the government's response, the Court dismisses the complaint, *sua sponte*, for lack of subject matter jurisdiction.

This memorandum opinion memorializes the Court's reasoning, delivered orally at an on-the-record status conference on December 21, 2001.

### *BACKGROUND*

Plaintiff Advance Construction Services, Inc. (Advance) is the awardee of Solicitation No. DACA01–01–B–0003, a United States Army Corps of Engineers (Corps) contract for a road access upgrade at Hurlburt Field Air Force Base, Florida. Gulf Atlantic Constructors, Inc. (Gulf), the losing bidder, filed a bid protest challenge before the General Accounting Office (GAO) on September 27, 2001. The GAO is charged with providing an "inexpensive and expeditious resolution of protests" in connection with procurements conducted by the United States. 31 U.S.C. § 3554(a)(1) (1994). Gulf alleges before the GAO that the Corps erroneously allowed Advance to correct a mistake in bid, thereby enabling Advance to preserve its status as the lowest bidder.

Advance filed this action for declaratory and injunctive relief in the Court of Federal Claims on the eve of the GAO hearing in the Gulf bid protest action. Advance contends that the GAO violated several statutes and regulations governing GAO bid protests. Specifically, plaintiff alleges that the GAO: (1) violated 31 U.S.C. § 3555(d) (1994), which authorizes the GAO to "verify assertions made by parties in protests," by planning to conduct videotaped witness interrogations of Advance's current and former employees; (2) violated 48 C.F.R. § 14.407 (2000) and Engineer Federal Acquisition Regulation Supplement (EFARS) § 14.407, by allegedly conducting a *de novo* review of the reasonableness of the agency's decision to allow correction of a mistake in bid rather than a review of the administrative record; and (3) violated 4 C.F.R. § 21.7 (2001), which authorizes the GAO to conduct protest hearings, by failing to order the hearing in a timely fashion and compelling the testimony of a former employee who was not able to attend, thereby potentially allowing an inference to be drawn against Advance.

Invoking Tucker Act jurisdiction, pursuant to 28 U.S.C. § 1491(b)(1) (1994 & Supp.2000), Advance seeks a permanent injunction enjoining the GAO from issuing a decision in the Gulf bid protest case; a declaratory judgment that the GAO limit its review to the reasonableness of the Corps' decision to permit bid correction; and a declaratory judgment that the Corps properly permitted Advance to correct its bid. In essence, plaintiff seeks this Court's intervention in the pending GAO proceeding on both procedural and evidentiary matters, and on the ultimate judgment on the merits.

### *ANALYSIS*

The United States, as sovereign, "is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). The government's waiver of sovereign immunity must be "strictly construed in favor of the United States," *Ardestani v. INS,* 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991), and must not be "enlarged beyond what the language requires." *United States v. Nordic Village, Inc.,* 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of the plaintiff's claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case"). When a federal court reviews the sufficiency of the complaint on the ground of lack of subject matter jurisdiction, "its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* The Court must accept as true the facts alleged in the complaint, *see Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988), and must construe such facts in the light most favorable to the pleader. *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir. 1995). The burden of proving subject matter jurisdiction over a claim rests with the party seeking to invoke the Court's jurisdiction. *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998). As the party invoking federal jurisdiction in the action, plaintiff bears the burden of pleading the facts upon which the Court's jurisdiction depends. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

Section 1491(b)(1) of the Tucker Act grants the Court of Federal Claims "jurisdiction to render judgment on an action by an interested party objecting to a solicitation *by a Federal agency* for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1) (emphasis added). Advance argues that the fourth prong of § 1491(b)(1)—"any alleged violation of statute or regulation in connection with a procurement or a proposed procurement"—applies to alleged violations by the GAO of statutes and regulations governing GAO re-view of bid protests. In support of this position, Advance relies primarily on the "lack of an identification of the violating actor in [the fourth prong of § 1491(b)(1) ]." (Pl.'s Supp. Br. at 14.) In other words, because this portion of the provision does not specify "by a federal agency," it applies more broadly than the preceding prongs of § 1491(b)(1), which confer jurisdiction to review federal agency solicitations and proposed and actual awards. Advance also re-lies on the Federal Circuit's decision in *RAMCOR Services Group, Inc. v. United States*, 185 F.3d 1286 (Fed.Cir.1999), which held that the Tucker Act conferred jurisdiction on the Court of Federal Claims to review an agency decision to override the automatic stay triggered by a GAO bid protest. As the Federal Circuit noted in *RAMCOR*:

> the language of 1491(b) ... does not require an objection to the actual contract procurement, but only to the "violation of a statute or regulation in connection with a procurement or a proposed procurement." The operative phrase "in connection with" is very sweeping in scope. As long as a statute has a connection to a procurement proposal, an alleged violation suffices to supply jurisdiction.

185 F.3d at 1289. According to Advance, *RAMCOR*'s emphasis on the sweeping scope of the last prong of § 1491(b)(1) supports its argument that the Court's authority to review alleged agency violations of procurement law encompasses jurisdiction to review alleged GAO violations of statutes and regulations governing bid protest proceedings.

The Court rejects plaintiff's argument on the ground that the Tucker Act limits this Court's bid protest jurisdiction to a review of agency decisions. The phrase "by a federal agency" appears within the portion of § 1491(b)(1) relating to "a solicitation by a Federal agency for bids or proposals for a proposed contract," but qualifies the remainder of the provision as well—that is, to "proposed or actual awards" and to alleged violations of procurement law. Courts "do not construe statutory phrases in isolation; we read statutes as a whole." *United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984). Section 1491(b)(1) must

be construed together with § 1491(b)(4), which incorporates into the Tucker Act the Administrative Procedure Act standard of review of agency action. Section 1491(b)(4) expressly states that the object of review is an agency's procurement decision: "In any action under this subsection, the courts shall review *the agency's decision* pursuant to the standards set forth in section 706 of title 5"[1] (emphasis added). Interpreted together, the language of § 1491(b)(1) and (b)(4) plainly apply to agency procurement decisions and not to the GAO in its review of bid protests.

In *RAMCOR*, the Federal Circuit construed the fourth prong of § 1491(b)(1) to include within its scope statutes and regulations not directly related to a solicitation or award but still connected to a procurement proposal. The court found that an alleged violation of 31 U.S.C. § 3553(c)(2), the statutory provision allowing an agency to override an automatic stay of an award put into effect during the pendency of a bid protest before the GAO, was sufficiently connected to a procurement proposal to fall within the scope of § 1491(b)(1). The crucial distinction here is that Advance does not challenge the agency action governed by statutes and regulations in connection with a procurement, but rather the GAO's review of an ongoing bid protest pursuant to 31 U.S.C. § 3555(d). Although "sweeping in scope," the operative phrase "in connection with a procurement or a proposed procurement" does not extend to alleged violations of statutes and regulations governing GAO's review of a bid protest because they do not relate to a procurement

proposal or award, but rather relate to the legal review of such a proposal.[2]

Construing § 1491(b)(1) in the expansive manner advocated by Advance would violate the well-settled principle that "it is the agency's decision, not the decision of the GAO that is the subject of judicial review" when a bid protestor protests an award previously reviewed by the GAO. *Chas. H. Tompkins Co. v. United States*, 43 Fed.Cl. 716, 719 (1999) (citing *Analytical & Research Tech., Inc. v. United States*, 39 Fed.Cl. 34, 41 (1997)); *see also Health Sys. Mktg. & Dev. Corp. v. U.S.*, 26 Cl.Ct. 1322, 1325 (1992) (the Court does not act as an appeals court for the Comptroller General's decisions). An interested party may elect to pursue remediation of an allegedly defective procurement before the GAO or the Court of Federal Claims. These remedies, although not exclusive, may not be pursued simultaneously. Pursuant to 4 C.F.R. § 21.11(b) (2001), once a protest is properly filed in the CFC, the GAO proceeding is automatically terminated.

The legislative history of § 1491(b) establishes that Congress, in expanding the CFC's jurisdiction to include post-award, as well as pre-award bid protests, did not intend to upset the dual system for challenging awards. During floor debate of the Administrative Dispute Resolution Act of 1996, Pub.L. No. 104–320, 110 Stat. 3870, 3874–75 (1996), one of the legislative sponsors noted that "these [Tucker Act] provisions addressing Federal court jurisdiction over procurement protests would not affect the authority of the Comptroller General to review pro-

---

1. Section 706(2)(A) of Title 5 of the United States Code provides: "[The reviewing court shall] hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A) (1996).

2. Although not addressing the precise issue presented here, the Federal Circuit and the Court of Federal Claims have consistently interpreted § 1491(b)(1) and (b)(4) to apply to procurement-related decisions by the agency. In *Impresa Construzioni Geom. Domenico Garufi v. United States*, the Federal Circuit established that a bid award may be set aside pursuant to the Tucker Act only if: (1) a procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of relation or pro-

cedure. 238 F.3d 1324, 1332 (Fed.Cir.2001). The Court similarly recognized in *Cincom Sys., Inc. v. United States*, 37 Fed.Cl. 663 (1997), that the Court must determine whether the procuring official, not the GAO, acted erroneously. The Court in *Cincom* applied a four-prong test to determine whether the agency acted unreasonably. An agency procurement decision may be set aside if the protester establishes that: (1) there was subjective bad faith on the part of the procuring officials; (2) there was no reasonable basis for the procuring officials' decision; (3) the procuring officials abused their discretion; or (4) the procuring officials violated pertinent statutes or regulations. *Cincom Sys., Inc.* 37 Fed.Cl. at 671 (citing *Keco Indus., Inc. v. United States*, 203 Ct.Cl. 566, 492 F.2d 1200, 1203–04 (1974)).

curement protests pursuant to chapter 35 of title 31, U.S. Code." 142 Cong. Rec. S11,850 (daily ed. Sept. 30, 1996) (statement of Sen. Levin).

The Competition in Contracting Act (CICA), 31 U.S.C. §§ 3551–3556 (1994), empowers the Comptroller General to determine whether the solicitation, proposed award, or award complies with statutes and regulations. If the Comptroller General determines that the solicitation, proposed award or award was unreasonable, he shall recommend that the agency's procuring federal agency take corrective action by, among other options, re-soliciting or terminating the contract. 31 U.S.C. § 3554(b)(1). This advisory recommendation is not binding on the agency. *Health Sys. Mktg. & Dev. Corp.*, 26 Cl.Ct. at 1325. Advance improperly relies on 4 C.F.R. § 21.11(b) to support its argument for CFC intervention in the pending GAO protest. Advance is not a losing bidder attempting to transfer a challenge from the GAO to the CFC, but rather the winning bidder seeking CFC review of ongoing GAO proceedings. Because the Court lacks authority under the Tucker Act to issue declaratory and injunctive relief aimed at affecting the GAO's exercise of its own bid protest jurisdiction, Advance's complaint must be dismissed.

The government also argues that Advance lacks standing to challenge the alleged violation of statutes and regulations by the GAO on the ground that Advance, as a winning bidder, is not an "interested party." The Federal Circuit, affirming the CFC's decision in *American Federation of Government Employees, AFL–CIO v. United States*, 258 F.3d 1294, 1302 (2001), adopted the CICA's definition of "interested party" for purposes of this Court's bid protest jurisdiction under the Tucker Act. CICA defines "interested party" as "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." 31 U.S.C. § 3551(2). Advance argues that the winning bidder falls within this definition of "interested party." The government relies on a portion of the opinion stating that bid protest standing pursuant to the Tucker Act is "lim-

ited to disappointed bidders." *Am. Fed'n of Gov't Employees, AFL–CIO*, 258 F.3d at 1302. A bidder who was originally awarded a contract may be an interested party for purposes of challenging a resolicitation after the initial award is set aside. *See, e.g., IMS Serv., Inc. v. United States*, 33 Fed.Cl. 167 (1995). However, the Court need not decide the issue of whether a winning bidder may be an interested party for purposes of Tucker Act jurisdiction in the circumstances presented here because it lacks jurisdiction on the more fundamental ground that Advance is not challenging the agency's decision.

In sum, plaintiff's attempt to extend this Court's Tucker Act jurisdiction to apply to GAO procedures does not find support in the language or legislative history of § 1491(b)(1) of the Tucker Act, or in Federal Circuit precedent. Because plaintiff has not met its burden of establishing this Court's jurisdiction to entertain Advance's protest against GAO actions, the complaint is dismissed.

IT IS SO ORDERED.