RAMCOR SERVICES GROUP,
INC., Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 98–5147.

United States Court of Appeals,
Federal Circuit.

July 26, 1999.

Michael A. Gordon, Holmes, Schwartz & Gordon, Rockville, Maryland, argued for plaintiff-appellant. With him on the brief was Donald C. Holmes.

Sean C. Griffin, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued for defendant-appellee. With him on the brief were David M. Cohen, Director and Anthony H. Anikeeff, Assistant Director.

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

RADER, Circuit Judge.

On the motion of RAMCOR Services Group, Inc. (RAMCOR), an incumbent contractor, the United States Court of Federal Claims issued a preliminary injunction preventing the Immigration and Naturalization Service (INS) from awarding a contract to a new contractor. RAMCOR subsequently filed an action under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1994), for attorney fees and expenses in obtaining the injunction. The Court of Federal Claims denied RAMCOR's application, reasoning that it lacked jurisdiction to issue the preliminary injunction and, even if it had jurisdiction, RAM-

COR was not entitled to an EAJA award on the merits. *See Ramcor Services Group, Inc. v. United States,* 41 Fed.Cl. 264 (1998). Although the trial court possessed jurisdiction to issue the injunction, this court affirms its exercise of discretion in denying an EAJA award on the merits.

## I.

RAMCOR had a contract with INS to provide maintenance and support services at the Border Patrol Academy in Charleston, South Carolina. Upon discovering the impropriety of its five-year contract to RAMCOR, INS decided to award a new contract. After two six-month extensions of the contract, INS began a new contract award process. In its initial evaluation, INS excluded RAMCOR from the competitive range because of inadequacies in its proposal.

RAMCOR filed a pre-award bid protest with the General Accounting Office (GAO). That protest triggered an automatic stay under the provisions of the Competition in Contracting Act (CICA), 31 U.S.C. §§ 3551–56 (1994), prohibiting INS from awarding a new contract pending a decision on the protest. *See* 31 U.S.C. § 3553(c)(1). CICA, however, also allows an agency to override the automatic stay if it issues a written finding that "urgent and compelling circumstances which significantly affect interests of the United States will not permit waiting" for the bid protest decision. 31 U.S.C. § 3553(c)(2). INS issued a written "Determination and Finding" setting forth purported urgent and compelling circumstances. Having overridden the stay, INS awarded the contract to OMNI–CUBE. Citing deficiencies in the written findings, RAMCOR sought a preliminary injunction in the Court of Federal Claims to prohibit INS from allowing OMNI–CUBE to act under the newly awarded contract.

The Court of Federal Claims granted the preliminary injunction. In issuing the injunction, the trial court noted: "[INS has] not established the precipitous decline

in performance that manifests an urgent and compelling need to override the GAO stay." *RAMCOR Services Group, Inc. v. United States,* No. 98–152C (Ct.Fed.Cl. Mar. 9, 1998) (order granting preliminary injunction). The trial court thus reinstated the stay pending a GAO decision. INS moved to quash the injunction, arguing that the Court of Federal Claims lacks subject matter jurisdiction to review an agency's override of a CICA stay. In a later hearing on the INS motion, the trial court informally suggested that INS should pay part of RAMCOR's fees. The trial court again noted INS's failure to produce evidence to substantiate the alleged urgent and compelling reasons for its stay override. A few days later, the GAO decided against RAMCOR on the merits of its bid protest. The Court of Federal Claims, therefore, lifted its injunction and dismissed the action without deciding the pending jurisdictional motion.

Citing its success in obtaining a preliminary injunction, RAMCOR filed an application for attorney fees and expenses under EAJA. That Act allows a party who prevails in a civil action against the United States to recover fees and expenses, subject to certain conditions satisfied by RAMCOR. *See* 28 U.S.C. § 2412(d). EAJA, however, also specifically requires that civil action to arise in a "court having jurisdiction of such action." *Id.* The Court of Federal Claims thus examined its subject matter jurisdiction over the underlying action—the request for injunctive relief from INS's override of the CICA stay. Only if it possessed this jurisdiction could the trial court make an EAJA award. The trial court concluded that it lacked jurisdiction to issue the preliminary injunction and, accordingly, dismissed the EAJA action.

In the alternative, the trial court also decided the merits of RAMCOR's case. Once a prevailing party satisfies the EAJA requirements of 28 U.S.C. § 2412(d)(2)(B), the burden shifts to the Government to show that its litigating position was "substantially justified." Such a showing precludes an award of fees and expenses to a prevailing party. *See id.* The Court of Federal Claims found that the Government had shown a substantial justification and denied an EAJA award.

RAMCOR appeals. On appeal, RAMCOR contends both that the Administrative Dispute Resolution Act of 1996 (ADRA), 28 U.S.C. § 1491(b), gives the trial court jurisdiction over RAMCOR's underlying claim, and that the Government was not substantially justified in its litigating position.

## II.

■ The jurisdiction of the Court of Federal Claims is a legal issue reviewed without deference by this court. *See Crocker v. United States,* 125 F.3d 1475 (Fed.Cir.1997). This court reviews the trial court's decision not to award fees and costs under the standards of EAJA for an abuse of discretion. *See Chiu v. United States,* 948 F.2d 711, 713 (Fed.Cir.1991) (citing *Pierce v. Underwood,* 487 U.S. 552, 557–63, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).

■ As a predicate to an EAJA award, the awarding court must have had jurisdiction over the civil action in which the applying party prevailed. *See* 28 U.S.C. § 2412(d)(1)(A). RAMCOR asserts that amendments to 28 U.S.C. § 1491 under the ADRA granted the Court of Federal Claims jurisdiction over RAMCOR's action for a preliminary injunction. The relevant provision reads, in pertinent part:

Both *the Unite[d] States Court of Federal Claims* and the district courts of the United States *shall have jurisdiction to render judgment on an action by an interested party objecting to* a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or *any alleged violation of statute* or regulation *in connection with a procurement* or a proposed procurement.

28 U.S.C. § 1491(b)(1) (emphasis added). In the underlying action, RAMCOR ob-

jected to INS's 31 U.S.C. § 3553(c)(2) override of the automatic stay triggered by RAMCOR's appeal to the GAO, *see* 31 U.S.C. § 3553(c)(1). This court must decide therefore, whether an objection to a § 3553(c)(2) override can serve as a jurisdictional basis under § 1491(b)(1).

This issue, in turn, requires this court to determine whether § 3553(c)(2) is a statute "in connection with a procurement," as required by § 1491(b)(1). Because the ADRA covers primarily pre- and post-award bid protests, the trial court determined that RAMCOR could only invoke § 1491(b)(1) jurisdiction by including in its action an attack on the merits of the underlying contract award. RAMCOR had objected only to the § 3553(c)(2) override. Therefore the Court of Federal Claims determined that it lacked jurisdiction. *See Ramcor*, 41 Fed.Cl. at 269 ("Had plaintiff asked the court to review the merits of the award of the base support services contract it could have based jurisdiction on a violation of section 3553(c).").

The language of § 1491(b), however, does not require an objection to the actual contract procurement, but only to the "violation of a statute or regulation in connection with a procurement or a proposed procurement." The operative phrase "in connection with" is very sweeping in scope. As long as a statute has a connection to a procurement proposal, an alleged violation suffices to supply jurisdiction. Section 3553(c)(2) fits comfortably in that broad category. After all, INS's § 3553(c)(2) override allowed it to procure immediately OMNI–CUBE's services. Moreover, under that procurement, OMNI–CUBE could have immediately commenced work. Where an agency's actions under a statute so clearly affect the award and performance of a contract, this court has little difficulty concluding that that statute has a "connection with a procurement." *Cf. CCL, Inc. v. United States*, 39 Fed.Cl. 780, 788–89 (1997) (grounding jurisdiction on the final disjunctive phrase of § 1491(b)(1) to adjudicate a contractor's claim that a procurement required competitive bidding). Although hardly necessary to es-

tablish this connection, this court also notes that the subchapter containing § 3553(c)(2) bears the title, "Procurement Protest System."

■ The trial court's reading of § 1491(b) would also render the "violation of statute or regulation" prong of that provision superfluous. If § 1491(b) required a challenge to the merits of the contract award, the contractor would never need to use the "violation" prong but could always rely on other jurisdictional grants in § 1491(b)(1). A challenge on the merits would, for example, amount to an objection to "a proposed award or the award of a contract." *See* 28 U.S.C. § 1491(b)(1). When construing a statute, this court must, if at all possible, give effect to all its parts. *See Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 633, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973). The trial court's proposed interpretation of § 1491(b)(1) would violate this basic tenet of statutory construction.

The language of § 1491(b)(1) also raises the question of whether INS "violated" § 3553(c)(2). Arguably, INS satisfied the § 3553(c)(2) requirements by issuing a written finding of urgent and compelling circumstances and notifying the GAO. Because § 3553(c)(2) lacks substantive requirements (*e.g.*, that the agency's finding not be "arbitrary and capricious"), the argument continues, a trial court can only address any deficiencies in the written finding as a violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706 (1994), which explicitly sets forth such substantive requirements. *See* 5 U.S.C. § 706. Indeed, United States District Courts have reviewed § 3553(c)(2) overrides under the APA. *See, e.g., Dairy Maid Dairy, Inc. v. United States*, 837 F.Supp. 1370, 1376 (E.D.Va.1993) ("[T]he Administrative Procedure Act, 5 U.S.C. § 701 et seq., governs judicial review of the Army's decision to override CICA's automatic stay provisions...."); *Universal Shipping Co. v. United States*, 652 F.Supp. 668, 675 (D.D.C.1987) ("[The

Agency for International Development's] decision not to stay the Young Contract does not meet the standards of the Administrative Procedure Act and must be set aside as contrary to law.").

■ This court is not persuaded that the trial court lacks jurisdiction because INS allegedly only violated the APA, not a procurement statute. The ADRA explicitly imports the APA standards of review into the Court of Federal Claims' review of agency decisions. *See* 28 U.S.C. § 1491(b)(4) ("In any action under this subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5."). Section 1491(b)(4) thus provides the substantive requirements that § 3553(c)(2) lacks. Stated otherwise, an agency may "violate" § 3553(c)(2) by issuing a written finding that does not meet the substantive review criteria of § 1491(b)(4). An objection to such a violation falls squarely within the jurisdictional ambit of § 1491(b)(1). Although a contractor may instead pursue a district court action under the APA to seek redress for an agency's deficient § 3553(c)(2) override, that remedy does not alter the jurisdiction of the Court of Federal Claims. The ADRA, by its terms, provides alternative avenues for judicial review.

Accordingly, this court determines that 28 U.S.C. § 1491(b)(1) grants the trial court jurisdiction over an objection to a violation of 31 U.S.C. § 3553(c)(2). Therefore, this court vacates that portion of the trial court's decision to the contrary.

### III.

■ Wisely resolving all issues potentially before it, the Court of Federal Claims determined that RAMCOR was not entitled to an EAJA award because the Government was substantially justified in its litigating position. Although INS had lost the underlying action, that outcome does not alone show that its position had no substantial justification. In other words, EAJA is not a mandatory fee-shifting device. *See Gavette v. Office of Per-*

*sonnel Management & Dept. of the Treasury,* 808 F.2d 1456, 1465 (Fed.Cir.1986). Regardless of the outcome, the trial court had the duty to determine whether the INS litigating position had a "reasonable basis in law and fact." *See Pierce,* 487 U.S. at 566, 108 S.Ct. 2541. That determination, in turn, obligated the trial court to "look at the entirety of the government's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact." *Chiu,* 948 F.2d at 715.

In this case, the Court of Federal Claims found "legitimate factual reasons supporting INS's desire to override the GAO stay and allow the successor contract to be awarded immediately." These reasons included "severe" complaints about RAMCOR's performance which raised "substantial questions" about the "quality of the plaintiff's performance." *Ramcor,* 41 Fed.Cl. at 271–72. In addition, the Border Patrol Academy "was facing significant problems that could only be alleviated by awarding the successor contract as soon as possible." *Id.* Specifically, the Academy expected the imminent arrival of 200 new students at a time when its staff was already "stressed to the breaking point." *Id.* These findings substantiate to some degree the urgency of INS's litigating position.

In its weighing of the justification for the INS position, the trial court also considered the Government's belated presentation of its jurisdictional motion. Noting the compressed time frame for injunction actions and stressing that the jurisdictional issue was one of first impression, the Court of Federal Claims concluded that the defense was both "credible" and "substantially justified."

■ The trial judge enjoys considerable discretion to determine eligibility for an EAJA award. *See Chiu,* 948 F.2d at 715 n. 4. Absent a serious error in judgment, this court will not re-weigh the factors considered by the trial court. *See id.* Having fully considered the trial court's

EAJA analysis and RAMCOR's arguments on appeal, this court detects no serious error in judgment or abuse of discretion. Accordingly, this court affirms the denial of an EAJA award on the merits.

## IV.

This court has determined that the Court of Federal Claims has jurisdiction to entertain an action based on an objection to a violation of 31 U.S.C. § 3553(c)(2). In this case, however, that court did not abuse its discretion in denying an EAJA award on the merits. Therefore, this court affirms the judgment.

## COSTS

Each party shall bear its own costs.

*AFFIRMED.*