# In the United States Court of Federal Claims

No. 14-354 C
Filed: April 30, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SPACE EXPLORATION TECHNOLOGIES      \*
CORP.,                              \*
                                    \*
        Plaintiff,                  \*
                                    \*
v.                                  \*
                                    \*
THE UNITED STATES,                  \*
                                    \*
        Defendant,                  \*
and                                 \*
                                    \*
UNITED LAUNCH SERVICES, LLC,        \*
                                    \*
Defendant-Intervenor.               \*
                                    \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER ISSUING PRELIMINARY INJUNCTION

On April 28, 2014, Space Exploration Technologies Corp. ("SpaceX") filed a Complaint in the United States Court of Federal Claims alleging, *inter alia*, that the United States Air Force ("Air Force") has entered into an unlawful contract with United Launch Systems, LLC,[1] a joint venture between The Boeing Company and Lockheed Martin Corporation, to procure rocket launch vehicles on a sole source basis, pursuant to the Air Force's Evolved Expendable Launch Vehicle ("EELV") Program.  The EELV Program is the fourth largest program in the defense budget, the estimated cost of which is expected to approximate $70 billion.

Congress has authorized the United States Court of Federal Claims:

to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or *regulation in connection with a procurement or a proposed procurement*.

28 U.S.C. § 1491(b)(1) (emphasis added).

_____

[1] On April 30, 2014, the court granted United Launch Systems, LLC's Unopposed Motion To Intervene in this case.

The United States Court of Appeals for the Federal Circuit has held that the phrase "in connection with," as used in Section 1491(b)(1), is "very sweeping in scope" and "involves a connection with *any stage of the federal contracting acquisition process*." *Distrib. Solutions, Inc. v. United States*, 539 F.3d 1340, 1345–46 (Fed. Cir. 2008) (emphasis added) (quoting *RAMCOR Servs. Grp., Inc. v. United States*, 185 F.3d 1286, 1289 (Fed. Cir. 1999)). Procurement has been defined to include "all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout." *Res. Conservation Grp., LLC v. United States*, 597 F.3d 1238, 1244 (Fed. Cir. 2010) (quoting 41 U.S.C. § 403(2)); *see also Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1380–81 (Fed. Cir. 2012) ("On its face, the [Tucker Act] grants jurisdiction over objections to a solicitation, objections to a proposed award, objections to an award, and objections related to a statutory or regulatory violation so long as these objections are in connection with a procurement or proposed procurement."); *Distrib. Solutions*, 539 F.3d at 1345 n.1 (explaining that a "non-frivolous allegation of a statutory or regulatory violation in connection with a procurement or proposed procurement is sufficient to establish jurisdiction").

The April 28, 2014 Complaint alleges that the majority of EELV launch vehicles use RD-180 rocket engines manufactured by NPO Energomash, a corporation owned and controlled by the Russian Government. Compl. ¶ 5. Dmitry Rogozin, the Deputy Prime Minister of Russia, is the head of the Russian defense industry and, in particular, the Russian space program. Compl. ¶ 5; *see also* http://www.nbcnews.com/storyline/ukraine-crisis.

On March 16, 2014, the President of the United States issued Executive Order 13,661, declaring that,

> All property and interests in property [of Deputy Prime Minister Rogozin] that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person (including any foreign branch) . . . are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in[.]

Exec. Order No. 13,661, 79 FED. REG. 15,535, Section 1(a) (March 19, 2014).

On April 28, 2014, the United States Department of the Treasury, Office of Foreign Assets Control, issued a "Specifically Designated Nationals and Blocked Persons List," which includes three references to Deputy Prime Minister Rogozin. In addition, on April 28, 2014, the United States Department of State and the United States Department of Commerce issued restrictions banning the export or re-export of "any high technology defense articles or services." United States Expands Export Restrictions on Russia, http://www.state.gov/r/pa/prs/ps /2014/04/225241.htm; Commerce Department Announces Expansion of Export Restrictions on Russia – April 28, 2014, http://www.bis.doc.gov/index.php/component/content/article/9-bis /carousel/666-commerce-department-anounces-expansion-of-export-restrictions-on-russia.

Rule 65(a) of the Rules of the United States Court of Federal Claims authorizes the United States Court of Federal Claims to issue a preliminary injunction. The United States Court of Appeals for the Federal Circuit requires the court to consider four factors in deciding whether to issue a preliminary injunction: "(1) a reasonable likelihood of success on the merits; (2)

irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in [Plaintiff's] favor; and (4) the injunction's favorable impact on the public interest." *Sciele Pharma, Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259 (Fed. Cir. 2012) (quoting *Amazon, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1243, 1350 (Fed. Cir. 2001)); *see also CC Distribs., Inc. v. United States,* 65 Fed. Cl. 813, 815 (2005). "No one factor, taken individually, is necessarily dispositive . . . . [T]he weakness of the showing regarding one factor may be overborne by the strength of the others." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993). In "the context of bid protests, the Tucker Act [also requires the court], in conducting its balancing, to 'give due regard to the interests of national defense and national security and the need for expeditious resolution of the action.'" *Serco, Inc. v. United States*, 101 Fed. Cl. 717, 721 (2011) (quoting 28 U.S.C. § 1491(b)(3)).

After considering the April 28, 2014 Complaint, Executive Order No. 13,661, together with subsequent Executive Branch restrictions, and conducting a hearing on this date, in the court's judgment, the public interest and national defense and security concerns that underlie Executive Order 13,661 warrant issuance of a preliminary injunction in this case that prohibits:

> The United States Air Force and United Launch Services, LLC ("ULS"), a majority owned subsidiary of United Launch Alliance, LLC ("ULA"),[2] and affiliates thereof, including general partners, directors, officers, employees, agents, representatives, predecessors, assigns, joint ventures, subsidiaries, and divisions, from making any purchases from or payment of money to NPO Energomash or any entity, whether governmental, corporate or individual, that is subject to the control of Deputy Prime Minister Rogozin, unless and until the court receives the opinion of the United States Department of the Treasury, and the United States Department of Commerce and United States Department of State, that any such purchases or payments will not directly or indirectly contravene Executive Order 13,661.

> The scope of this preliminary injunction does not extend to any purchase orders that have been placed or moneys paid to NPO Energomash prior to the date of this Order.

**IT IS SO ORDERED**.

 s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

[2] *See In the Matter of Lockheed Martin Corp., The Boeing Co., and United Launch Alliance, L.L.C.*, Federal Trade Commission Docket No. C-4188 (May 1, 2007) (defining ULA); *see also* United Launch Services, LLC's Corporate Disclosure Statement, ECF No. 9 (Case No. 14-354 C) (disclosing relationship with ULA).