NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEILER/SCHRUDDE & ZIMMERMAN, A JOINT VENTURE,**
*Plaintiff-Appellant*

**NANCY B. GEILER, GEILER COMPANY, INC., GJV1, A JOINT VENTURE,**
*Movants-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

**INNOVATIVE SUPPORT SOLUTIONS, INC.,**
*Defendant*

---

2017-2517

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00186-LAS, Senior Judge Loren A. Smith.

---

Decided: July 27, 2018

---

FRANK REILLY, Fort Lauderdale, FL, for plaintiff-appellant and movants-appellants.

MOLLIE LENORE FINNAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

———————————

Before REYNA, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Following the death of William Geiler, Jr., the U.S. Department of Veterans Affairs adjusted the status of several entities that he had owned, revoking their designations as Service-Disabled Veteran-Owned Small Businesses. Those entities, as well as Mr. Geiler's widow, challenged the status revocations in the U.S. Court of Federal Claims by filing a supplemental complaint in an unrelated bid protest. The Court of Federal Claims dismissed that complaint for lack of subject matter jurisdiction after determining that none of the VA's alleged legal violations occurred in connection with a procurement or proposed procurement. We agree and affirm.

I

In June 2015, the Department of Veterans Affairs issued a Request for Proposals (RFP) to upgrade a chiller plant at one of its medical centers. The VA set aside this contract for a Service-Disabled Veteran-Owned Small Business (SDVOSB). To qualify as an SDVOSB, an entity "must be at least 51 percent unconditionally and directly owned by one or more . . . service-disabled veterans." 38 C.F.R. § 74.3. After the VA verifies that an entity has the requisite ownership structure and lists the entity in its database of veteran-owned businesses, the entity can bid on contracts set aside for SDVOSBs. *See* 38 U.S.C. § 8127(e); 48 C.F.R. § 804.1102.

In response to the VA's RFP, Geiler/Schrudde & Zimmerman, A Joint Venture (GSZ) submitted a proposal. At the time of its bid, the VA listed GSZ as an SDVOSB. The VA ultimately awarded the contract to a different bidder, Innovative Support Solutions, Inc. (ISS), whose proposal offered a lower price.

GSZ filed a protest with the Government Accountability Office contesting the agency's decision to award the contract to ISS. GSZ's protest alleged that ISS's proposal was technically unacceptable and that the VA erred by failing to evaluate GSZ's proposal. The GAO denied those claims, prompting GSZ to file a complaint before the Court of Federal Claims. GSZ's original complaint mirrored its GAO protest claims.

After GSZ filed its suit, William Geiler, Jr., the service-disabled veteran who owned GSZ, passed away. His death triggered the VA's revocation of GSZ's SDVOSB status. Mr. Geiler also owned two other entities that the VA had certified as SDVOSBs: The Geiler Company, Inc. and GJV1, A Joint Venture (collectively with GSZ, the Geiler Entities). The VA also revoked those entities' SDVOSB statuses.

Following the VA's revocation of GSZ's SDVOSB status, the government moved to dismiss GSZ's complaint at the trial court for lack of jurisdiction. Under 28 U.S.C. § 1491(b)(1), the statute that confers bid protest jurisdiction on the Court of Federal Claims, only an "interested party" has standing to bring a bid protest suit. To qualify as an interested party, a plaintiff must establish that it would have had a substantial chance of "receiv[ing] the contract award but for the alleged error in the procurement process." *Info. Tech. & Applications Corp. v. United States*, 316 F.3d 1312, 1319 (Fed. Cir. 2003). The government argued that, because the VA's chiller plant contract was set aside for an SDVOSB entity, GSZ lost any chance of receiving the contract after Mr. Geiler's

death. Alternatively, the government moved for judgment on the administrative record. GSZ also filed its own motion for judgment on the administrative record.

Several months after the government moved to dismiss GSZ's original complaint, GSZ filed a supplemental complaint challenging the VA's decision to revoke the Geiler Entities' SDVOSB statuses. The supplemental complaint added three new plaintiffs to the case: The Geiler Company; GJV1; and Nancy Geiler, Mr. Geiler's widow. It alleged that the VA's revocation of the Geiler Entities' SDVOSB statuses violated their due process rights and was arbitrary and capricious. GSZ moved for judgment on the administrative record on its supplemental complaint. The government moved to dismiss the supplemental complaint for lack of jurisdiction and, alternatively, for judgment on the administrative record.

For GSZ's original complaint, the trial court denied the government's motion to dismiss. Although GSZ lost its SDVOSB status during its bid protest, the court reasoned that § 1491(b)(1) only requires a plaintiff to have been an interested party at the time of the contract award that it challenges. The court then granted the government's motion for judgment on the administrative record and denied GSZ's motion for the same. GSZ has not appealed these decisions.

For GSZ's supplemental complaint, the trial court granted the government's motion to dismiss for lack of jurisdiction. The court reasoned that the VA's revocation of the Geiler Entities' SDVOSB statuses did not occur in connection with a procurement because it did not affect the award or performance of a contract. Because the court determined that it lacked jurisdiction over the supplemental complaint, it denied GSZ's motion for judgment on the administrative record.

The Geiler Entities and Mrs. Geiler (collectively, Geiler) now appeal the trial court's dismissal of the sup-

plemental complaint.   We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review the Court of Federal Claims' decision to dismiss a complaint for lack of jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The Tucker Act, as amended, confers jurisdiction on the Court of Federal Claims to review bid protests under 28 U.S.C. § 1491(b)(1).  Section 1491(b)(1) confers jurisdiction over "an action by an interested party objecting to . . . any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." "The operative phrase 'in connection with' is very sweeping in scope." *RAMCOR Servs. Grp., Inc. v. United States*, 185 F.3d 1286, 1289 (Fed. Cir. 1999).  A legal violation occurs in connection with a procurement or proposed procurement if an agency's actions under a statute "clearly affect the award and performance of a contract." *Id.*

Although Geiler's supplemental complaint alleges the VA committed constitutional and statutory violations in revoking the Geiler Entities' SDVOSB statuses, we agree with the trial court that Geiler failed to establish that those alleged violations occurred *in connection* with a procurement or proposed procurement.  Thus, we affirm the trial court's holding that it lacked jurisdiction over Geiler's supplemental complaint.

To start, the VA's revocation of the Geiler Entities' SDVOSB statuses did not affect the award or performance of the VA's chiller plant contract that GSZ originally protested.  GSZ lost that contract because ISS submitted a lower priced, technically acceptable proposal.  While GSZ protested the award in its original complaint, GSZ has not appealed the trial court's determination that the VA acted reasonably in awarding the contract to ISS.  The

two other Geiler Entities—The Geiler Company and GJV1—did not even bid for the contract. Thus, the Geiler Entities' loss of their SDVOSB statuses did not affect the VA's contract award decision.

Recognizing this, Geiler now argues that the Geiler Entities' loss of their SDVOSB statuses affects the award of *all* pending and future proposed procurements set aside for SDVOSB entities. If the Geiler Entities are prohibited from bidding on such contracts, Geiler argues, the VA's award decisions might be different because the agency might have selected a Geiler Entities' bid. But this is not enough to satisfy § 1491(b)'s jurisdictional requirements. The mere assertion that a future agency procurement might be different as a result of a legal violation does not establish that the violation "clearly affect[ed]" a contract's award or performance. *RAMCOR*, 185 F.3d at 1289.

*RAMCOR*, the only case that Geiler cites for support, is readily distinguishable. In that case, the U.S. Immigration and Naturalization Service overrode the automatic stay of a procurement that normally occurs upon filing of a pre-award bid protest. *Id.* at 1287. The statute authorizing INS to override the stay permitted that action only upon a written finding by the agency that "'urgent and compelling circumstances which significantly affect interests of the United States will not permit waiting' for the bid protest decision." *Id.* (quoting 31 U.S.C. § 3553(c)(2)). After making such a finding, INS awarded the challenged contract to a non-protesting bidder. The bid protester sought to preliminarily enjoin INS's override of the automatic stay in the Court of Federal Claims on the ground that INS violated the statutory requirements. *Id.* at 1287–89. We held that the trial court had jurisdiction over the bid protester's action for a preliminary injunction. Even though the bid protester had not made a "challenge on the merits" to INS's decision of which bidder should receive the contract, the trial court's § 1491(b) jurisdiction extends to alleged legal violations "in connec-

tion" with such decisions. *Id.* at 1289. The alleged legal violation "clearly affect[ed]" the award of the challenged contract because INS's override of the automatic stay allowed it to procure services immediately rather than having to wait for resolution of the bid protest litigation. *Id.*

Here, the VA's revocation of the Geiler Entities' SDVOSB statuses had no similar effect. *RAMCOR* involved a challenge to an actual contract award. While INS's decision to override an automatic stay resulted in the immediate award of a contract that would have otherwise been delayed, Geiler does not point to any effect that the VA's status revocation decision had on the award or performance of any contract.

Section 1491(b)'s other jurisdictional requirement confirms the view that alleged legal violations do not occur "in connection with a procurement or a proposed procurement" whenever they might affect unidentified pending and future procurements. Only an "interested party" can sue under § 1491(b), which requires the plaintiff to have a "direct economic interest [that] would be affected by the award of the contract or by failure to award the contract." *Myers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1370 (Fed. Cir. 2002) (quoting *Am. Fed'n of Gov't Employees, AFL-CIO v. United States*, 258 F.3d 1294, 1301 (Fed. Cir. 2001)). To prove a direct economic interest as a prospective bidder, the plaintiff must establish that it had a "substantial chance" of receiving the contract. *Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1308 (Fed. Cir. 2006). A plaintiff cannot establish a substantial chance by "[t]he mere fact that it might have submitted a bid in a competitive procurement." *Myers*, 275 F.3d at 1370. It must also show that it is qualified to receive the contract award. *Id.* at 1370–71.

These requirements for establishing that a plaintiff is an "interested party" make clear that § 1491(b) does not

confer jurisdiction over claims alleging legal violations that only might affect unidentified pending and future procurements. Without challenging specific procurements or proposed procurements, a plaintiff cannot prove that its bid would qualify it to receive the contract award. Thus, we decline Geiler's invitation to interpret § 1491(b)'s "in connection with a procurement or a proposed procurement" requirement as satisfied whenever a plaintiff alleges a legal violation that might affect unidentified pending or future procurements.

## III

Because Geiler's supplemental complaint does not challenge a specific procurement, or even allege that the Geiler Entities were preparing to bid for a specific procurement that required an SDVOSB status, Geiler has failed to allege a legal violation in connection with a procurement or proposed procurement as required by § 1491(b). We therefore affirm the trial court's dismissal of Geiler's supplemental complaint for lack of jurisdiction.

## **AFFIRMED**

No costs.