# United States Court of Appeals
# for the Federal Circuit

---

**CLEVELAND ASSETS, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-2113

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00277-EDK, Judge Elaine Kaplan.

---

## ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

STUART TURNER, Arnorld & Porter Kaye Scholer, LLP, Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for plaintiff-appellant. Also represented by NATHANIEL EDWARD CASTELLANO.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, filed a response to the petition for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges*.

WALLACH, *Circuit Judge,* with whom NEWMAN, *Circuit Judge*, joins, dissents from the denial of rehearing en banc.

PER CURIAM.

## O R D E R

Appellant Cleveland Assets, LLC, filed a combined petition for panel rehearing and rehearing en banc. A response to the petition was invited by the court and filed by appellee United States. The petition was first referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc was referred to the circuit judges who are in regular active service. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition for panel rehearing is denied.

The petition for rehearing en banc is denied.

The mandate of the court will issue on August 9, 2018.

FOR THE COURT

 August 2, 2018         /s/ Peter R. Marksteiner
     Date             Peter R. Marksteiner
                   Clerk of Court

# United States Court of Appeals for the Federal Circuit

---

**CLEVELAND ASSETS, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-2113

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00277-EDK, Judge Elaine Kaplan.

---

WALLACH, *Circuit Judge*, with whom NEWMAN, *Circuit Judge*, joins, dissenting from the denial of the petition for rehearing en banc.

The panel holds that "the plain language of 28 U.S.C. § 1491(b)(1) [(2012)] expressly precludes [the Court of Federal Claims'] jurisdiction over Count II of" Appellant Cleveland Assets, LLC's ("Cleveland Assets") complaint, *Cleveland Assets, LLC v. United States*, 883 F.3d 1378, 1381 (Fed. Cir. 2018), which alleges that a request for lease proposals ("RLP") issued by the General Services Administration ("GSA") violates 40 U.S.C. § 3307 (2012), *see* J.A. 72–73 (Count II). Although § 1491(b)(1) broadly confers the Court of Federal Claims with jurisdiction over "any alleged violation of statute or regulation *in connection with* a procurement or a proposed procurement," 28 U.S.C. § 1491(b)(1) (emphasis added), the panel improper-

ly narrows the Court of Federal Claims' § 1491(b)(1) bid protest jurisdiction to alleged violations of "procurement statute[s]," *Cleveland Assets*, 883 F.3d at 1382. Under the proper interpretation of § 1491(b)(1), I believe the Court of Federal Claims possessed jurisdiction over Cleveland Assets' Complaint because Cleveland Assets alleges a violation of a statute, i.e., § 3307, in connection with a procurement or proposed procurement, i.e., either Cleveland Assets' lease agreement or the RLP. Therefore, I respectfully dissent from the denial of the petition for rehearing en banc.

## DISCUSSION

### I. Section 1491(b)(1) Confers a Broad Grant of Jurisdiction

Our precedent is clear that § 1491(b)(1) should be interpreted broadly. Pursuant to the Tucker Act, the Court of Federal Claims has bid protest jurisdiction to adjudicate "an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or *any* alleged violation of statute or regulation *in connection with* a procurement *or* a proposed procurement." 28 U.S.C. § 1491(b)(1) (emphases added).[1] In

---

[1] The panel also fails to explain why Cleveland Assets' protest of the RLP would not qualify as "an action . . . objecting to a solicitation by a Federal agency," 28 U.S.C. § 1491(b)(1), which is a separate ground for establishing bid protest jurisdiction, *see Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1381 (Fed. Cir. 2012) (holding that the Court of Federal Claims had jurisdiction under § 1491(b)(1) because "[the plaintiff]'s complaint specifically challenged the [agency]'s announced decision to amend or revise the solicitation—an unambiguous objection 'to a solicitation'" under

*RAMCOR Services Group, Inc. v. United States*, we explained that "[t]he operative phrase 'in connection with' is very sweeping in scope," 185 F.3d 1286, 1289 (Fed. Cir. 1999), and, in *Distributed Solutions, Inc. v. United States*, we adopted the definition of "procurement" in 41 U.S.C. § 403(2) (2006),[2] thereby broadly defining "procurement" to "include[] all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout," 539 F.3d 1340, 1345 (Fed. Cir. 2008) (emphasis, internal quotation marks, and citation omitted). Indeed, we repeatedly have reaffirmed the breadth of § 1491(b)(1) and held that the Court of Federal Claims possessed bid protest jurisdiction over protestors' claims. *See, e.g.*, *Diaz v. United States*, 853 F.3d 1355, 1358 (Fed. Cir. 2017) (stating that "[t]he phrase 'in connection with' is 'very sweeping in scope' and 'includes all stages of the process of acquiring property or services,

---

§ 1491(b)(1) and that the plaintiff's objections to alleged violations of a statute and regulations provided "another basis for jurisdiction" (citation omitted)). Nevertheless, because the panel's opinion and Cleveland Assets' petition for rehearing en banc both focus on an "alleged violation of statute or regulation in connection with a procurement or proposed procurement," I limit my analysis to the panel's application of that language.

[2] Section 403(2) was enacted as an amendment to the Office of Federal Procurement Policy Act ("Policy Act"), Pub. L. No. 93-400, 88 Stat. 796 (1974) (codified as amended in scattered sections of 41 U.S.C.). *See* Office of Federal Procurement Policy Act Amendments of 1979, Pub. L. No. 96-83, § 3, 93 Stat. 648, 649. This definition has been recodified at 41 U.S.C. § 111 (2012). *See* An Act to Enact Certain Laws Relating to Public Contracts as Title 41, United States Code, "Public Contracts," Pub L. No. 111-350, § 3, 124 Stat. 3677, 3681 (2011).

beginning with the process for determining a need for property or services and ending with contract completion and closeout'" and finding jurisdiction under § 1491(b)(1) (quoting *Distributed Sols.*, 539 F.3d at 1345)); *Coast Prof'l, Inc. v. United States*, 828 F.3d 1349, 1354 & n.3 (Fed. Cir. 2016) (similar); *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1252–54 (Fed. Cir. 2015) (similar); *Sys. Application & Techs.*, 691 F.3d at 1380–82 (similar).[3]    As such, to establish jurisdiction under § 1491(b)(1), a protestor need only make "[a] non-frivolous allegation of a statutory or regulatory violation in connection with a procurement or proposed procurement." *Distributed Sols.*, 539 F.3d at 1345 n.1.

## II. The Panel Improperly Limits § 1491(b)(1) to Alleged Violations of "Procurement Statutes"

Instead of applying this prior precedent, the panel improperly narrows § 1491(b)(1) by requiring Cleveland Assets to allege a violation of a "procurement statute." *Cleveland Assets*, 883 F.3d at 1382.    While leasing a building from Cleveland Assets to house the Federal

---

[3]    We recently recognized the broad scope of § 1491(b)(1) but held that the Court of Federal Claims did not possess jurisdiction on the narrow grounds that the relevant order was not a procurement because it did not "begin the process for determining a need for property or services" and "simply formalized the [agency]'s decision." *AgustaWestland N. Am., Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018) (internal quotation marks and citation omitted); *see id.* at 1330 (recognizing that "procurement" encompasses "all stages of the process of acquiring property or services" (internal quotation marks and citation omitted)).    Here, unlike in *AgustaWestland*, the GSA has "initiated a procurement" by issuing the RLP.    *Id.* at 1330 (internal quotation marks and citation omitted); *see Cleveland Assets*, 883 F.3d at 1380.

Bureau of Investigation's ("FBI") Cleveland office, the GSA issued the RLP, seeking to lease another building to house the FBI's Cleveland office. *Id.* at 1379. Cleveland Assets filed a bid protest suit in the Court of Federal Claims, alleging that "the RLP [wa]s unlawful because it exceed[ed] the scope of GSA's authority to solicit offers under . . . § 3307." *Id.* at 1380; *see* J.A. 72. Instead of assessing whether Cleveland Assets' Complaint contains "[a] non-frivolous allegation of a statutory or regulatory violation in connection with a procurement or proposed procurement," *Distributed Sols.*, 539 F.3d at 1345 n.1, the panel concludes that "[t]he only statute alleged to be violated by Cleveland Assets in Count II is . . . § 3307, an *appropriation*, not a procurement, statute," *Cleveland Assets*, 883 F.3d at 1381. Not only does the panel fail to identify any authority requiring a plaintiff to assert a violation of a "procurement statute," *id.* at 1382,[4] such a

---

[4] The panel does not cite *RAMCOR* or any other precedent supporting its interpretation. *See generally Cleveland Assets*, 883 F.3d 1378. To the extent the panel could arguably rely upon *RAMCOR*, which assessed whether the "*statute* has a connection to a procurement proposal," 185 F.3d at 1289 (emphasis added), our recent precedent has focused on whether the agency's *action* or the *protest* have a connection to a procurement or proposed procurement, *see Palladian Partners*, 783 F.3d at 1254 (stating that § 1491(b)(1) "authorizes the Court of Federal Claims to review an *action* 'in connection with a procurement or a proposed procurement'" and holding that, "[b]ecause [the agency]'s . . . determination and the contracting officer's amendment to the solicitation are *actions* 'in connection with a proposed procurement,' . . . they are within the scope of jurisdiction granted under the Tucker Act" (emphases added) (internal quotation marks and citation omitted)); *Distributed Sols.*,

requirement would conflict with the plain language of § 1491(b)(1), which places no limitations on the type of statute alleged to have been violated. Instead, § 1491(b)(1) broadly encompasses "*any* alleged violation of statute . . . *in connection with* a procurement *or* a proposed procurement." 28 U.S.C. § 1491(b)(1) (emphases added).

---

539 F.3d at 1345, 1346 (stating that "[t]he only issue is whether the contractors' *protest* is 'in connection with a procurement or proposed procurement'" and holding that the Court of Federal Claims had jurisdiction under § 1491(b)(1) because "the [G]overnment at least initiated a procurement[] or initiated 'the process for determining a need' for acquisition and assistance solutions" (emphasis added)). If these cases are in conflict, we should resolve that conflict through rehearing en banc. However, even if *RAMCOR* dictates that we focus only on the statute's connection to a procurement or proposed procurement, my conclusion would not change. Section 3307 is "in connection with a procurement or proposed procurement" because it governs the process of obtaining appropriations to lease property for agencies. *See* 40 U.S.C. § 3307(a)(2) (requiring Congressional committee approval for "[a]n appropriation to lease any space at an average annual rental in excess of $1,500,000 for use for public purposes"), (b) (setting forth the information that must be contained in a prospectus to obtain approval under § 3307(a)). This falls within the definition of "procurement" under § 1491(b)(1), i.e., "all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout." *Distributed Sols.*, 539 F.3d at 1345 (emphasis, internal quotation marks, and citation omitted).

### III. Cleveland Assets' Complaint Includes a Non-Frivolous Allegation of a Statutory Violation in Connection with a Procurement or Proposed Procurement

Under the proper interpretation of § 1491(b)(1), Cleveland Assets raised "[a] non-frivolous allegation" that the GSA violated "a statut[e]," i.e., § 3307, "in connection with a procurement or proposed procurement," i.e., either Cleveland Assets' lease agreement with the GSA or the RLP, *Distributed Sols.*, 539 F.3d at 1345 n.1; *see* J.A. 72 (alleging, in Cleveland Assets' Complaint, that "[t]he RLP is contrary to law" because it "adds five new categories of space to the lease which were not authorized" in violation of § 3307), 73 (alleging "the RLP contains requirements that were not [congressionally] authorized" and is therefore "contrary to law").[5] Here, the RLP would qualify as a "proposed procurement" under § 1491(b)(1). *See, e.g.*, *Distributed Sols.*, 539 F.3d at 1346 (holding that an agency's request for information was a "proposed procurement" sufficient to establish jurisdiction under § 1491(b)(1)). Moreover, the GSA currently leases a building from Cleveland Assets, *Cleveland Assets*, 883 F.3d at 1379, and we have recognized that an agency's lease of property from a lessor may qualify as a "procurement,"[6] *see Forman v. United States*, 767 F.2d 875, 879

---

[5] This language in the Complaint directly ties the violation of § 3307's authorization requirements to the procurement, such that the panel's stated concern about an overextension of jurisdiction appears overblown. *See Cleveland Assets*, 883 F.3d at 1381 ("If plaintiffs could allege any statutory or regulatory violation tangentially related to a government procurement, § 1491(b)(1) jurisdiction risks expanding far beyond the procurement context.").

[6] In contrast, when the agency leases government-owned property to a lessee, the lease is not a procure-

(Fed. Cir. 1985) (holding that "newly-created lease agreements . . . fall within the purview of [the Policy Act]"); *see also Bonneville Assocs. v. United States*, 43 F.3d 649, 653 (Fed. Cir. 1994) ("A 'procurement' is an acquisition by purchase, *lease*, or barter, of property or services for the direct benefit or use of the [F]ederal [G]overment." (emphasis added) (citation omitted)).[7]   The panel fails to provide any reason explaining either why *Forman* and *Bonneville* would not apply here or why the GSA's lease of Cleveland Assets' building or the RLP would not qualify as a procurement or proposed procurement under § 1491(b)(1), and I am aware of none.   Thus, I would conclude that the Court of Federal Claims had jurisdiction to consider Count II of the Complaint.

---

ment.  *See Res. Conservation Grp., LLC v. United States*, 597 F.3d 1238, 1244 (Fed. Cir. 2010) ("The process involved in soliciting lessees for government-owned property cannot be characterized as a 'process of acquiring property or services' [under § 403(2) and, thus, under § 1491(b)(1)].").

[7]    *Forman* and *Bonneville* interpreted provisions of the Contract Disputes Act of 1978 ("CDA"), Pub. L. No. 95-563, 92 Stat. 2383 (codified as amended in 41 U.S.C. §§ 7101–7109).  *See Bonneville*, 43 F.3d at 652–55; *Forman*, 767 F.2d at 878–79.  However, *Forman* analogized the CDA to the Policy Act, from which we adopted the definition of "procurement" under § 1491(b)(1), *see Distributed Sols.*, 539 F.3d at 1345, and explained that, "[b]ecause the phrases in the two statutes are almost identical and because they focus on the same object—Government procurement—we assume for the purposes of this appeal that Congress intended the phrase to have the same meaning in the [CDA] as it had in the earlier Policy Act," *Forman*, 767 F.2d at 878 (citation omitted).

CONCLUSION

Instead of applying our precedent that broadly interprets § 1491(b)(1) as requiring only "[a] non-frivolous allegation of a statutory or regulatory violation in connection with a procurement or proposed procurement," *Distributed Sols.*, 539 F.3d at 1345 n.1, the panel improperly narrows the Court of Federal Claims' § 1491(b)(1) bid protest jurisdiction to alleged violations of "procurement statute[s]," *Cleveland Assets*, 883 F.3d at 1382. Therefore, I believe that this case raises a question of exceptional importance, and that rehearing en banc is necessary to maintain uniformity with our prior precedent. For these reasons, I respectfully dissent from the court's denial of the petition for rehearing en banc.