NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THIRPLUS TINO MOOSE BEY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1924

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01699-MHS, Judge Matthew H. Solomson.

---

Decided:  February 9, 2024

---

THIRPLUS TINO MOOSE BEY, Bastrop, TX, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before LOURIE, DYK, and STARK, *Circuit Judges.*

PER CURIAM.

Thirplus Tino Moose Bey appeals from a decision of the United States Court of Federal Claims ("the Claims Court") dismissing his complaint for lack of subject-matter jurisdiction. *Moose Bey v. United States*, No. 22-1699C, SAppx. 11–16 (Fed. Cl. Mar. 8, 2023) ("*Decision*").[1] The Claims Court also held that Bey's breach of contract claims were barred by principles of *res judicata. Decision* at 5. For the following reasons, we *affirm*.

## BACKGROUND

Bey, a federal prisoner incarcerated in Balstrop, Texas, alleges that he entered into a "novation agreement" with the U.S. government that altered the terms of his plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). *Id.* at 1.

The terms of the alleged "novation agreement" in question mandate Bey's immediate release from prison, SAppx. 4, subject to certain conditions of continued supervision and repayment, SAppx. 2–3. The alleged "agreement" also provides that the government "agrees to all herein stated via a non[-]response to this Notice of Novation within seven days of receipt of this notice." SAppx. 6. Additionally, the purported novation includes a "Penalty Clause" requiring the payment of $100,000,000 to Bey in the event that the government breaches the "agreement." SAppx. 5.

Bey sent the purported "novation agreement" to an Assistant United States Attorney ("AUSA") via U.S. Mail, and it was received on September 15, 2021. SAppx. 7. After the government failed to respond, Bey subsequently mailed a "Notice of Enforcement" on October 6, 2021, informing

---

[1] "SAppx." refers to the supplemental appendix that the government filed in this court with its informal response brief.

the government of its purported breach due to its failure to order Bey's immediate release.  SAppx. 8–10.  He then filed a complaint in the Claims Court on November 14, 2022. *Decision* at 1.

The Claims Court dismissed Bey's complaint *sua sponte* pursuant to Rule 12(h)(3) of the United States Court of Federal Claims, holding that it lacked subject-matter jurisdiction.  *Id.* at SAppx. 13.  The court held that it (1) could not hear Bey's claims against the recipient AUSA, as those claims were against an individual federal official, (2) could not hear Bey's claims against the United States regarding false imprisonment, as those claims "sound[ed] in tort," (3) could not hear Bey's claims predicated on state law, (4) could not hear Bey's claims against the United States regarding breach of contract, as Bey never alleged the existence of a valid contract, and (5) could not order Bey's immediate release from prison, as that is criminal injunctive relief beyond the court's power.  *Id.* at SAppx. 13–15. The Claims Court also held that Bey's claims regarding breach of contract were barred by principles of *res judicata,* identifying a Fifth Circuit case, among others, in which Bey put forward substantially similar arguments regarding an alleged unilateral amendment of his plea agreement through a purported novation.  *Id.* at SAppx. 15.  Bey subsequently filed a motion for reconsideration attempting to supplement his breach of contract claims, which the Claims Court denied.  SAppx. 17–19.

Bey timely appeals to this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We "review the Court of Federal Claims findings of fact for clear error and its legal rulings without deference." *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1353 (Fed. Cir. 2006), *aff'd*, 552 U.S. 130 (2008).  The existence of jurisdiction in the Claims Court is a legal issue reviewed *de novo*.  *RAMCOR Servs. Grp., Inc. v. United*

*States*, 185 F.3d 1286, 1288 (Fed. Cir. 1999). Additionally, "[i]t is well-established that the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

Furthermore, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). However, "[t]he Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of [sovereign immunity of] the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)).

Bey no longer seeks his immediate release from incarceration and limits his appeal to seeking monetary damages under the purported novation's "Penalty Clause" totaling $100,000,000. Appellant's Informal Reply Br. at 6. Each of Bey's arguments regarding subject-matter jurisdiction on appeal is now premised on his "breach of contract" theory, which alleges that the government failed to meet its obligations under Bey's Rule 11(c)(1)(C) plea agreement as amended by the alleged "novation agreement" in question.

Bey argues that the Supreme Court has treated plea agreements as "essentially contracts." *Puckett v. United States*, 556 U.S. 129, 137 (2009); Appellant's Informal Br. at 6. However, the Court also warned that "the analogy may not hold in all respects." *Puckett*, 556 U.S. at 137. The relevant question in this case is whether or not the alleged "novation agreement" effectively altered the terms of Bey's

plea agreement, as Bey does not allege any breach of the original terms of his plea agreement. As such, the purported novation is the primary focus of our analysis. And we conclude that the so-called "novation agreement" did not alter the terms of Bey's plea agreement as the government never agreed to it.

Specifically, Bey argues that the government accepted his proposed novation by failing to respond to it within seven days of its receipt. He relies on the clause within the alleged "novation" that explicitly provides that the government "agrees to all herein stated via a non[-]response to this Notice of Novation within seven days of receipt of this notice." SAppx. 6. And, because the government failed to respond within that specified time period, Bey contends that the proposed novation was accepted, thereby altering the terms of his original plea agreement.

The Claims Court held otherwise, and we agree with the court that Bey has failed to allege any non-frivolous, non-conclusory allegations of fact suggesting that the "novation agreement" comprised a valid contract with the United States government.

General principles of contract law instruct that silence should only be treated as an acceptance of an offer in very limited instances. *See* Restatement (Second) of Contracts § 69 (Am. L. Inst. 1981). Bey argues that his situation falls within one of those narrow exceptions, specifically "[w]here because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept." *Id.* at § 69(1)(c). Bey contends that the criminal proceeding in district court resulting in his original plea agreement and incarceration constituted previous dealings wherein it is reasonable that the government should have notified Bey if it did not intend to accept his novation agreement. Appellant's Informal Br. at 8–9. That is not correct. A federal criminal prosecution that involves a plea agreement is not a previous dealing that would

reasonably imply that silence following another offer should be treated as acceptance. A criminal prosecution is quite different from the type of longstanding, repetitious previous dealings that may form a reasonable basis for interpreting silence in a commercial negotiation as an acceptance. *See* Restatement (Second) of Contracts § 69 cmt. d (Am. L. Inst. 1981).

That treatment is supported by Federal Rule of Criminal Procedure 11, which governs procedures regarding plea agreements. Among other requirements, Rule 11 mandates that "[t]he parties must disclose the plea agreement in open court when the plea is offered, unless the court for good cause allows the parties to disclose the plea agreement *in camera*." Fed. R. Crim. P. 11(c)(2). Furthermore, in the case of Rule 11(c)(1)(A) or (C) plea agreements, "the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). Rule 11's requirements for public disclosure and judicial oversight prior to finalizing a plea agreement further support the conclusion that a criminal prosecution involving a plea agreement does not provide a basis for treating silence following a later offer as acceptance.

Accordingly, the government's silence following its receipt of the "novation agreement" did not constitute an acceptance of its terms, and no valid contract was formed that would alter the terms of Bey's original plea agreement. As such, the Claims Court correctly determined that it lacked jurisdiction in this case based on a purported breach of the so-called "novation agreement." That determination forecloses many of Bey's other arguments regarding whether or not an AUSA possesses authority to bind the government to a "novation agreement." Furthermore, we need not assess the preclusive effect of a similar Fifth Circuit decision in another case brought by Bey, although we note that that court arrived at the same conclusion as we do here. *See Moose v. FNU LNU*, No. 22-50002, 2022 WL 4493720

(5th Cir. Sept. 27, 2022) ("Here, Moose attempts to unilaterally change the terms of his plea agreement and sentence to obtain immediate release and asserts that the Government has agreed to this novation by its silence. This contention is without merit."). Bey has therefore failed to establish the Claims Court's jurisdiction over his complaint by a preponderance of the evidence.

CONCLUSION

We have considered Bey's remaining arguments but find them unpersuasive. For the foregoing reasons, the decision of the Claims Court is *affirmed*.

**AFFIRMED**