NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAFEGUARD BASE OPERATIONS, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES, B&O JOINT VENTURE, LLC,**
*Defendants-Appellees*

---

2019-1160

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01515-MBH, Senior Judge Marian Blank Horn.

---

Decided: December 13, 2019

---

ALEXANDER BREWER GINSBERG, Pillsbury Winthrop Shaw Pittman LLP, McLean, VA, argued for plaintiff-appellant. Also represented by KEVIN REZA MASSOUDI, AARON RALPH, ALEX DANIEL TOMASZCZUK, Los Angeles, CA.

P. DAVIS OLIVER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee United States. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., DOUGLAS K. MICKLE.

BRIAN IVERSON, Bass, Berry & Sims, PLC, Washington, DC, argued for defendant-appellee B&O Joint Venture, LLC. Also represented by RICHARD WILLIAM ARNHOLT, TODD OVERMAN, SYLVIA YI.

————————————

Before LOURIE, MOORE, and CHEN, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Safeguard Base Operations LLC ("Safeguard") appeals from a decision of the United States Court of Federal Claims (the "Claims Court") denying Safeguard's motion for preliminary injunctive relief from a decision of the Department of Homeland Security ("DHS") to override the statutory stay of contract performance provided by the Competition in Contracting Act ("CICA"), 31 U.S.C. §§ 3551–57. *Safeguard Base Operations, LLC v. United States*, 140 Fed. Cl. 670 (2018) ("*Decision*"). Because the stay has since expired, we *dismiss* Safeguard's appeal as moot.

## BACKGROUND

Safeguard is a joint venture between Safeguard Security Solutions LLC and SRM Group Inc. ("SRM"). In 2012, SRM was awarded a contract from DHS to provide dormitory maintenance services at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, as a set-aside contract for small businesses under Section 8(a) of the Small Business Act, 15 U.S.C. § 637(a). SRM's contract was originally intended to continue until June 30, 2017, with an agency option to extend the contract until the end of 2017.

In late 2017, as the contract drew closer to expiration, DHS issued a new solicitation as a competitive Section 8(a) set-aside and extended SRM's contract to June 30, 2018, to allow sufficient time to transition services to the eventual

awardee. SRM was unable to bid on the new contract because it no longer qualified for the Section 8(a) program, but the new joint venture, Safeguard, did submit a bid. In its current form, Safeguard has not been awarded a government contract.

After several delays, DHS notified Safeguard in September 2018 that it would award the contract to B&O, and Safeguard filed the bid protest at issue in this appeal. DHS then determined that "urgent and compelling circumstances" justified an override of the statutory CICA stay triggered by Safeguard's protest and that the override was "in the best interests of the United States," as required by 31 U.S.C. § 3553(d)(3)(C). J.A. 1739. DHS reasoned that it was inappropriate to further delay its transition to B&O, while extending SRM's expired contract, because SRM was no longer a Section 8(a) qualified bidder. DHS also found that the absence of a qualified contractor would "[a]dversely impact FLETC training operations" because agency staff would likely be unable to maintain the facility, and that off-site lodging would be prohibitively expensive. J.A. 1742–43.

Safeguard filed a complaint in the Claims Court in October 2018, seeking a temporary restraining order and a preliminary injunction setting aside DHS's decision to override the CICA stay. The Claims Court denied Safeguard's motions that same month, finding that Safeguard failed to show that any of the injunction factors weighed in its favor. *Decision*, 140 Fed. Cl. at 708–10.

This appeal followed.[1]

---

[1] During the pendency of this appeal, the GAO denied Safeguard's bid protest on December 14, 2018, *Matter of: Safeguard Base Operations, LLC*, B-415588.6, 2018 WL 6617289 (Dec. 14, 2018), and in Safeguard's subsequent action, the Claims Court rendered judgment in favor of DHS,

DISCUSSION

The Claims Court has jurisdiction over an action contesting an agency's decision to override the CICA stay under 28 U.S.C. § 1491(b)(1). *RAMCOR Servs. Grp., Inc. v. U.S.*, 185 F.3d 1286, 1290 (Fed. Cir. 1999). The agency's decision is reviewed according to the standards set forth in 5 U.S.C. § 706. 28 U.S.C. § 1491(b)(1), (b)(4) (granting the Claims Court jurisdiction to review an action "by an interested party objecting to a solicitation by a Federal agency . . . or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement"). The Claims Court's decision to grant or deny injunctive relief is a matter of equity, which we review for an abuse of discretion. *See PGBA, LLC v. U.S.*, 389 F.3d 1219, 1225–26 (Fed. Cir. 2004).

Federal courts only have jurisdiction to decide cases or controversies under Article III. To meet the threshold requirements of Article III, "an actual controversy must be extant at all stages of review," *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974) (collecting cases), and an appeal must therefore be dismissed as moot when "a court of appeals cannot grant 'any effectual relief whatever.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

The government and B&O argue that Safeguard's appeal is now moot because the GAO has denied its bid protest, and that decision would have terminated the CICA stay even in the absence of DHS's override. *See* 31 U.S.C. § 3554(a)(1) (GAO must issue a final decision concerning a protest within 100 days after submission); *id.* § 3553(c)(1)

---

*Safeguard Base Operations, LLC v. United States*, 144 Fed. Cl. 304 (2019). Safeguard's appeal from that decision is currently pending before this court. *See Safeguard Base Operations, LLC v. United States*, No. 19-2261.

(contract cannot be awarded while the bid protest is pending at the GAO). Thus, in the government's and B&O's view, this court is unable to remedy Safeguard's loss of the CICA stay. The government and B&O also argue that the "capable of repetition, yet evading review" exception to mootness does not apply here because Safeguard has failed to establish a reasonable expectation that it will again be subject to the same action.

Safeguard does not dispute that this court cannot provide a remedy for DHS's override decision but instead contends that the appeal is not moot because a declaration that the override was contrary to law would bolster its argument (in another appeal) that the Claims Court should have reversed the GAO's denial of Safeguard's bid protest and granted Safeguard permanent injunctive relief. Safeguard also argues that, even if its appeal is moot, it qualifies for the "capable of repetition, yet evading review" exception because, "[a]s a government contractor . . . [it] reasonably may be subject to a future CICA stay override," and "the legal standards governing such override determinations will remain in disarray." Reply Br. 11–12. In Safeguard's view, the Claims Court legally erred in refusing to hold that the Administrative Procedure Act requires that agencies address all four factors set forth in *Reilly's Wholesale Produce v. United States*, 73 Fed. Cl. 705, 711 (2006), to provide a rational basis justifying a CICA stay override.

We agree with the government and B&O that the appeal is moot. As an initial matter, we reject Safeguard's argument that this appeal is not moot because of the possibility that our resolution of the merits may influence another case. We do not decide cases for the sole purpose of "advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)).

Furthermore, we conclude that Safeguard has not demonstrated a controversy "capable of repetition, yet evading review." This exception is applicable "'only in exceptional situations,' where (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

A comparison with *Kingdomware* is illustrative. There, the Supreme Court held that the petitioner, a bid protester that had bid on a Department of Veterans Affairs contract since performed, presented a controversy evading review when it argued that it was deprived of the contract because the VA misinterpreted 38 U.S.C. § 8127(d) (mandating use of the "Rule of Two") to not apply to certain contracts. *Id.* at 1973–74. While the contract at issue had already been performed, the Court reasoned that the case was not moot because the time period of performance was "too short to complete judicial review," and "it [was] reasonable to expect that the [VA] [would] refuse to apply the Rule of Two" in the future and that Kingdomware, as a frequent contractor, would be reasonably likely to win a contract in the future if its view of the statute prevailed. *Id.* at 1976.

In contrast, Safeguard presents a considerably more tenuous scenario. Safeguard—which has never received a federal contract—would have to submit another unsuccessful bid, file a GAO protest, and suffer another CICA stay override. Moreover, Safeguard would have to show that the CICA stay override occurred because the agency was not required to justify its decision in light of the *Reilly's* factors. We note that the *Reilly's* factors do not even bind the Claims Court, *AINS, Inc. v. United States*, 365 F.3d 1333, 1336 n.1 (Fed. Cir. 2004), *abrogated on other grounds*

*by Slattery v. United States*, 635 F.3d 1298 (Fed. Cir. 2011), let alone comprise an indispensable aspect of agency rational basis. *Cf. Dell Fed. Sys., L.P. v. United States*, 906 F.3d 982, 992 (Fed. Cir. 2018) (holding that "highly deferential" rational basis test governed Claims Court review of agency action for purposes of deciding injunctive relief in protest of bid reopening).

Any potential future controversy that Safeguard envisions will likely turn on its own circumstances and the agency's proffered rational basis for a CICA stay override under 31 U.S.C. § 3553(d)(3)(C). We conclude that Safeguard has not shown a reasonable likelihood that it will be subject to the same action again, and thus it has not presented an exceptional situation justifying invocation of the "capable of repetition, yet evading review" exception to mootness.

CONCLUSION

We have considered Safeguard's further arguments but find them unpersuasive. For the foregoing reasons, we dismiss Safeguard's appeal as moot.

**DISMISSED**